DONALD K. WILSON, JR., ESQ (CSBN 89857)
Email: donaldwilson@zhonglun.com
LAW OFFICES OF DONALD K. WILSON, JR.
4322 Wilshire Boulevard, Suite 200
Los Angeles, California   90010
Telephone: (323) 982-7098
Facsimile: (323) 930-5693

Attorneys for Plaintiff SYL JOHNSON a/k/a
SYLVESTER JOHNSON, doing business as
TWINIGHT RECORDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SYL JOHNSON, a/k/a SYLVESTER JOHNSON, doing business as TWINIGHT RECORDS, INC. | Case No.: |
| Plaintiff, | COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF |
| vs. | CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION |
| UMG RECORDINGS, INC, a Delaware Corporation; and DOES 1-20, inclusive | 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) |
| Defendants. | INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL |

Plaintiff Syl Johnson, a/k/a Sylvester Johnson, doing business as Twinight Records, Inc. ("Plaintiff") alleges as follows:

## NATURE OF ACTION

1. Defendant UMG Recordings, Inc., working alone and in concert with various other record companies, film production companies, television networks and others, whose specific identities will be determined in discovery (collectively "Defendants"), have, without license or authority, unlawfully reproduced, distributed, and licensed a sampled portion, including Plaintiff's vocals, of Plaintiff's master recording entitled, " I Feel An Urge" ("Plaintiff's Recording") on the master recording featuring the performances of Eric Barrier, p/k/a "Eric B" and William Griffin, p/k/a "Rakim", performing together as "Eric B and Rakim" on various titles such as "Know the Ledge", "Juice" and "Juice (Know the Ledge)" (collectively "Juice Tracks") embodied in various products ranging from theatrical and television movies, DVDs, Greatest Hits compilations, music videos, video games, and television commercials, directly and through licensing to third parties, throughout the world (all collectively herein as "Defendants' Recordings").

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 2

**2.**     Defendants do not have license or any other authorization from Plaintiff to reproduce, manufacture, distribute, or license a sample portion of Plaintiff's Recording.     Defendants knew full-well their unauthorized reproduction, distribution and other exploitation of Plaintiff's Recording was unlawful at the time and willfully chose to engage in this theft, and, to this day, continue to infringe Plaintiff's rights despite having been previously notified by Plaintiff that such conduct is unlawful and must cease and desist.

**3.**     Defendants are liable for the theft and infringement of Plaintiff's ownership rights under state law, either because they have directly engaged in infringing activities themselves or because one or more of them is secondarily liable for the infringing activities undertaken by others.     Defendants' theft has caused substantial and irreparable harm to Plaintiff, who invested considerable dollars, time and creative energy to produce, promote and market the otherwise protected work infringed by Defendants.

## JURISDICTION AND VENUE

**4.**     This is a civil action seeking damages for infringement under state law in violation of California Civil Code Section 980 (2); violation of California

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 3

Business and Professions Code Section 17200; common law unfair competition and violation of California Civil Code Section 3344. [1/]

**5.** This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332. There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00

**6.** This Court has personal jurisdiction over Defendant UMG Recordings, Inc, which does and solicits continuous and systematic business in California, has principal offices here in California, engages in the conduct alleged herein in California, expect or reasonably should expect their infringing conduct to have consequences in California and which derive substantial revenue from goods or services rendered in California.

**7.** Venue is proper in this District pursuant to 28 U.S.C. Section 1391. Defendant UMG Recordings, Inc.'s  principal place of business is in Los Angeles County and is doing business in the State of California and in this

---

[1/] Federal court to apply the substantive law of the forum state when adjudicating state claims before it under its diversity jurisdiction, _United Mine Workers v. Gibbs_, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). _Erie Railroad Company v. Tompkins_, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 4

Judicial District, and Plaintiff has been injured in this Judicial District as a result of Defendants' infringing conduct.

## THE PARTIES

8.     Plaintiff is an individual, doing business as Twinight Records, Inc. and resident of the state of Illinois.  Twinight Records, Inc is duly incorporated under the laws of the state of Illinois. The Plaintiff is a record company engaged in the business of producing sound recordings and manufacturing, distributing, selling and/or licensing the distribution and sale of its sound recordings in the United States.  Plaintiff has invested substantial monies, as well as, time, effort and talent in the creation of master recordings, including Plaintiff's Recording.

9.     Plaintiff is the owner of the exclusive rights in and to Plaintiff's Recording. Since Plaintiff's Recording was created prior to February 15, 1972, there is no Federal Copyright protection for Plaintiff's Recording.  However, California Civil Code, California Business and Professions Code and California Civil Code Section 3344, all protect Plaintiff's rights, title and interest in and to Plaintiff's Recording and Plaintiff's vocals embodied thereon.

10.     Plaintiff is informed and believes that Defendant UMG Recordings, Inc is a corporation duly organized and existing under the laws of Delaware,

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

with its principal place of business in Los Angeles, County, California, and is doing business in the State of California in this Judicial District.

11.    The foregoing Defendant UMG Recordings, Inc. is a record company engaged in the business of producing, among other things, sound recordings and the manufacturing, distributing, licensing and selling their sound recordings in the United States and throughout the world.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of all Defendants sued herein as Does 1 through 20 (the "Doe Defendants"), are unknown to Plaintiff, who therefore sues such Doe Defendants by such fictitious names.  If necessary, Plaintiff will seek leave to amend this Complaint to state their true names and capacities when the same has been ascertained.

13.    Plaintiff is informed and believes, and on that basis, alleges that Doe Defendants direct, control, ratify, participate in, materially contribute to, profit from, induce, engage, facilitate, and/or are the force behind the violations of Plaintiff's rights under the state laws complained of herein or are otherwise liable to Plaintiff as a result of their participation in all or some of the acts herein set forth.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

**14.**    Plaintiff further is informed and believes and, on that basis, alleges that each of the Doe Defendants was the agent of the Defendant UMG Recordings, Inc., and in doing the things alleged in this complaint, was acting within the scope of such agency, and/or acted in concert with Defendant UMG Recordings, Inc., and is jointly and severally liable to Plaintiff with Defendant UMG Recordings, Inc.    Defendant UMG Recordings, Inc and the Doe Defendants are hereinafter collectively referred to as "Defendants".

## FACTS COMMON TO ALL CLAIMS

**15.**    In 1968, Plaintiff Syl Johnson recorded the song, "I Feel an Urge Coming On", which he retitled "I Feel an Urge".    In the bridge of that song, Plaintiff's distinctive vocal "Ohh" is heard, followed by a fast-paced drum roll, an instrumental guitar rhythm played over a spread-out drum pattern, a high note played on a saxophone and Plaintiff singing the word "Yeah".    Twinight Records, Inc released the recording by Plaintiff in 1968 and The Numero Group, a Chicago based record company, reissued the recording in 2011 and again in 2015.    The Plaintiff's Recordings was released and sold in Digital format by major internet distributors.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL
- 7 -

**16.**    Approximately 23-years later, in 1991, the hip-hop duo professionally known as "Eric B. and Rakim" recorded the Juice Tracks pursuant to a contract with Defendant UMG Recordings, Inc.  The Juice Tracks contain a sample of Plaintiff's Recording, which comprises approximately twenty-five percent (25%) of the Juice Tracks.

**17.**    Despite the exercise of reasonable diligence under the circumstances, Plaintiff did not discover the fact that "I Feel an Urge" had been sampled without his consent until 2013, when Matthew Clifford, a former disc jockey, informed Plaintiff that "he recognized Plaintiff's voice on the Juice Tracks and other parts of Plaintiff's Recording.

**18.**    Plaintiff filed an initial lawsuit in the United States District Court for the Northern District of Illinois on or about May 4, 2015, which was amended twice, and the Third Amended Complaint was dismissed without prejudiced for lack of personal jurisdiction over Defendant UMG Recordings, Inc on or about January 4, 2017.  Plaintiff filed a second lawsuit in the United States District Court for the Middle District of Tennessee, Nashville Division on or about December 12, 2017.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 8

**19.** On or about August 29, 2018, upon a motion by Defendant UMG Recordings, Inc., the Court transferred the lawsuit to the Central District of California. On or about December 12, 2018, Plaintiff filed a complaint in the United States District Court, Central District of California. Subsequently, on or about January 7, 2019, the District Court dismissed the action without prejudice.

**20.** Plaintiff is informed and believes, and on that basis, alleges that Defendants, and each of them, without license, permission, or authority from Plaintiff, have reproduced, manufactured, distributed, licensed, and /or sold master recordings embodying Plaintiff's Recording. Defendants released phonograph records for sale embodying Plaintiff's Recording, licensed Defendants' Recordings for use in motion pictures, television programs, commercials, music videos and video games.

**21.** The infringement, theft, and other misuse of Plaintiff's Recording by Defendants has materially contributed to Defendants' revenues and profits. The extent to which Defendants' unauthorized uses of Plaintiff's Recording impact Defendants' revenues and profits, will be determined in discovery.

**22.** Defendants' misconduct is the proximate cause of substantial damage to Plaintiff in many separate and independent ways. For illustration purposes

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 9

only, the content and theme of Defendants' Recordings is offensive to Plaintiff and an affront to Plaintiff's sensibilities and moral code, causing Plaintiff great and incalculable injury, harm and mental anguish. Defendants' have infringed Plaintiff's exclusive rights in and to Plaintiff's Recording under state law. Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

**23.** Defendants' conduct was and continues to be willful and intentional and undertaken with conscious disregard of Plaintiff's rights. Plaintiff is entitled statutory damages, or in the alternative, compensatory damages, including, but not limited to, Defendants' profits attributable to the infringement. Plaintiff is also entitled to its attorneys' fees and costs.

**24.** Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury, that cannot be fully compensated monetarily. Accordingly, Plaintiff is entitled to

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 10

preliminary and permanent injunctions prohibiting further infringement of Plaintiff's exclusive rights.

## COUNT I

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980(2)

### (Against All Defendants)

25.    Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 24 as more specifically set forth above.

26.    Plaintiff possesses exclusive ownership interests in and to Plaintiff's Recording pursuant to California Civil Code Section 980 (a)(2) and under common law.  Plaintiff is informed and believes, and on that basis, alleges that Defendants have, without permission, reproduced, licensed, and distributed numerous copies and versions of Plaintiff's Recording owned pursuant to California state law by Plaintiff.  There may be licenses, reproductions and copies of which Plaintiff is unaware.  Accordingly, Plaintiff will obtain such information in discovery, and, if necessary, Plaintiff will amend this complaint once the specific identities of other infringement by Defendants are determined.

27.    As a direct and proximate result of Defendants' conduct in violation of Plaintiff's exclusive ownership interest in and to Plaintiff's Recording owned

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

pursuant to state law, Defendants have received proceeds and Plaintiff has been damaged in an amount to be proved at trial.

28. Defendants' conduct is causing and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured monetarily. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of Plaintiff's exclusive rights.

29. Defendants are guilty of oppression, fraud and or malice and Plaintiff, in addition to actual damages is, by reason thereof, entitled to recover exemplary and punitive damages against Defendants in an amount consistent with principles of due process.

## COUNT II

## VILOATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 AND COMMON LAW UNFAIR COMPETITION

### (Against All Defendants)

30. Plaintiff realleges and incorporates herein by reference, each of the allegations in paragraphs 1 through 29 set forth above.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

**31.**     The foregoing acts and conduct of Defendants constitute an appropriation and invasion of the property rights of Plaintiff in Plaintiff's Recording that Plaintiff owns pursuant to state law and which Plaintiff is informed and believes, and on that basis, alleges that Defendants have infringed Plaintiff's exclusive rights in and to Plaintiff's Recording.  The foregoing acts and conduct of Defendants constitute unfair competition under California Business and Professions Code Section 17200 and under common law in that, among other things, Defendants failed, refused and neglected to accord Plaintiff credit on Defendants' Recordings, thereby, among other things, engaging in an unfair, unlawful or fraudulent business act or deceptive untrue deceptive and/or misleading advertising.  If necessary, Plaintiff will amend this complaint once specific identities of further infringements by Defendants are determined in discovery.

**32.**     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to recover all proceeds and other compensation received or to be received by Defendants arising from their infringements of the Plaintiff's Recording, owned by Plaintiff pursuant to state law.  The Plaintiff requests the

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 13

Court to order Defendants to render an accounting to ascertain the amount of such profits and compensation.

33.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate.  Such damages, restitution, and/or disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiff and an order that Defendants convey to Plaintiff all the gross receipts received or to be received that are attributable to the infringement of Plaintiff's Recording owned pursuant to state law.

34.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully be compensated or measured monetarily.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of its exclusive rights.

35.     Defendants are guilty of oppression, fraud, and/or malice and Plaintiff, in addition to its actual damages is, by reason thereof, entitled to exemplary and punitive damages against Defendants.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 14

## COUNT III

## VILOATION OF CALIFORNIA CIVIL CODE SECTION 3344

### (Against All Defendants)

**36.** Plaintiff realleges and incorporates herein by reference, each of the allegations in paragraphs 1 through 35 set forth above.

**37.** Plaintiff's voice is contained on Plaintiff's Recording. Plaintiff is a well-known Soul and R&B recording artist, who has recorded and released numerous recordings, several which have reached top 100 on the Billboard Pop charts and many more reaching top 50 on the R&B charts. Plaintiff has a distinctive voice and sound that contributed substantially to his popularity and success as a recording artist.

**38.** Plaintiff's Recording contains the voice of Plaintiff and, pursuant to California Civil Code Section 3344, such voice of Plaintiff cannot be commercially used and exploited without the consent, permission and approval of Plaintiff.

**39.** Plaintiff is informed and believes, and on that basis alleges, that Defendants have, without permission, reproduced, manufactured, licensed and otherwise commercially exploited Plaintiff's Recording containing Plaintiff's

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

voice. Such unauthorized use of Plaintiff's Recording containing Plaintiff's voice is a direct violation of California Civil Code Section 3344.

40.    As a direct result of Defendants' violation of California Civil Code Section 3344, Plaintiff has been damaged in an amount to be proved at trial.

41.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of its exclusive rights.

42.    Defendants are guilty of oppression, fraud, and/or malice and Plaintiff, in addition to its actual damages is, by reason thereof, entitled to exemplary and punitive damages against Defendants.

## COUNT IV

### INJUNCTIVE RELIEF UNDER CALIFORNIA CIVIL PROCEDURE CODE SECTION 526.

### (Against All Defendants)

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 16

43.     Plaintiff realleges and incorporates herein by reference, each of the allegations in paragraphs 1 through 42, inclusive, as set forth above.

44.     Plaintiff is entitled to injunctive relief pursuant to California Civil Procedure Code Section 526 in this instance.  Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money.

45.     Plaintiff is very likely to prevail in this action since Defendants' Recordings do in fact contain elements of Plaintiff's Recording and do so without the consent, license or permission of Plaintiff.  Furthermore, Defendants' are continuing to release records and other configurations of Defendants' Recordings containing Plaintiff's Recording throughout the world, without according proper credit to Plaintiff for the use of Plaintiff's Recording.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 17

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

**1.**     On Counts I, II and III, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof;

**2.**     On Counts I, II, and III, for punitive and exemplary damages in such amount as may be awarded at trial;

**3.**     On Count IV, a temporary and final injunction to prevent or restrain further infringements and misappropriations of Plaintiff's exclusive ownership rights and interests;

**4.**     For prejudgment interest;

**5.**     For Plaintiff's costs, including attorneys' fees and expenses in accordance with California Civil Code Section 3344: and

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL

- 18

1    **6.**    For such other and further relief as the Court may deem just and

2

3    proper.

4

5    Dated:  March 27, 2019

6

7

8                                        LAW OFFICES OF DONALD K. WILSON, JR.

9                                        Attorney for Syl Johnson a/k/a Sylvester
10                                       Johnson doing business as Twinight Records
11                                       Inc.

12                          By:    */s/ Donald K. Wilson, Jr.*
13                                 DONALD K. WILSON, JR

14

15

16

17

18

19

20

21

22

23

24

25

26

27    COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE

28    RELIEF REQUEST FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues triable to a jury.

Dated:   March 27, 2019


                                             __/s/_ *Donald K. Wilson, Jr.*

                                             DONALD K. WILSON, JR.

                                             Attorney for Syl Johnson a/k/a Sylvester

                                             Johnson doing business as Twinight

                                             Records, Inc.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 980 (2); (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, COMMON LAW UNFAIR COMPETITION; (3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 AND (4) INJUNCTIVE RELIEF REQUEST FOR JURY TRIAL