# United States District Court
# Central District of California

| | |
|---|---|
| SYL JOHNSON,<br><br>              Plaintiff,<br><br>      v.<br><br>UMG RECORDINGS, INC.,<br><br>              Defendant. | Case No. 2:19-cv-02364-ODW (SSx)<br><br>**ORDER GRANTING, IN PART, DENYING IN PART, DEFENDANT'S MOTION TO DISMISS [14]** |

## I.     INTRODUCTION

Plaintiff Syl Johnson ("Johnson") brings several claims against Defendant UMG Recordings, Inc. ("UMG") involving copyright infringement. Plaintiff claims Defendant UMG reproduced, distributed, and licensed a sampled portion of Plaintiff's music. (*See* Compl. ¶¶1, ECF No. 1.)

Defendant moves to dismiss on the following grounds: (1) Plaintiff's claims are barred by the statute of limitations; and (2) Defendant's alleged copying is not actionable. (*See generally* Mot. to Dismiss Compl. ("Mot."), ECF No. 14.)[1]

---

[1] Having carefully considered the papers filed in connection to the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

For the reasons that follow, the Court **GRANTS, IN PART** and **DENIES, IN PART,** Defendant's Motion to Dismiss.

## II. BACKGROUND

Syl Johnson, doing business as Twinight Records, Inc., produces, manufactures, distributes, and sells sound recordings. (Compl. ¶¶ 1, 8.) In 1968, Plaintiff recorded vocals of himself in a track titled "I Feel An Urge" (the "Recording"). (Compl. ¶¶ 1.) In the Recording, a segment contains Plaintiff's distinctive vocal "Ohh" followed by a fast-paced drum roll, instrumental guitar, high note on a saxophone, and Plaintiff singing "Yeah."[2] (Compl. ¶¶ 1, 15.) In 1991, Defendant UMG reproduced, distributed, and licensed a portion of the Recording on various tracks titled "Know the Ledge," "Juice," and "Juice (Know the Ledge)." (Compl. ¶¶ 1, 16.) Plaintiff alleges that the Recording "comprises twenty-five percent of these tracks." (Compl. ¶ 16.) Defendant allegedly used the tracks in theatrical and television movies, greatest hits compilations, music videos, video games, commercials, and third-party licenses all over the world. (Compl. ¶ 1.) Plaintiff discovered that the Recording was sampled when Matthew Clifford, a former disc jockey, informed him that he "recognized Plaintiff's voice" on Defendant's recordings. (Compl. ¶ 17.) Plaintiff had not authorized Defendant to reproduce, manufacture, distribute, or license a sample

---

[2] Defendant requests that the Court take judicial notice of the "I Feel An Urge" and "Know the Ledge" sound recordings. (Mot. 8.) As these recordings are not matters of public record, the Court denies Defendant's request for judicial notice. Nevertheless, "a court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'" *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

In the Complaint, Plaintiff make numerous references to the Recording as well as to Defendant's allegedly infringing sound recordings. (*See* Compl. ¶¶ 1, 8, 15,16.) Furthermore, at the motion to dismiss stage, it is generally appropriate to consider allegedly infringed and allegedly infringing works. *See, e.g., Steward v. West*, No. CV1302449BROJCX, 2014 WL 12591933, at *3 (C.D. Cal. Aug. 14, 2014). Accordingly, the Court may consider the sound recordings cited to in Defendant's Motion. (Mot. 1.)

portion of the Recording. (Compl. ¶ 2.)

Plaintiff has filed several actions based on these facts in several venues. For instance, he filed an action on May 4, 2015 in the Northern District of Illinois and another one on December 12, 2017 in the Middle District of Tennessee.[3] (Compl. ¶ 18.) On March 28, 2019, Plaintiff filed the operative Complaint in the Central District of California alleging three claims for relief under: (1) Cal. Civ. Code § 980 *et seq.*; (2) Cal. Bus. & Prof Code § 17200 *et seq.*; and (3) Cal. Civ. Code § 3344. (*See generally* Compl.) On June 3, 2019, Defendant filed a motion to dismiss ("Motion"). (*See* Mot.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory

---
[3] Defendant requests the Court to take judicial notice of pleadings and orders from the prior actions. (Mot. 8.) Since the Complaint contained all pertinent facts to this motion, the Court denies Defendant's request as moot.

allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

### A. Statute of Limitations

Defendant moves to dismiss Plaintiff's claims alleging that they are barred by the statute of limitations. Misappropriation claims under Cal. Civ. Code. § 3344 are subject to a two-year limitation. *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012) (stating that claims under Cal. Civ.Code § 3344 are subject to a two-year statute of limitations). Claims under UCL are subject to a four-year limitation. Cal. Bus. & Prof. Code § 17208 ("[a]ny action to enforce [the UCL] shall be commenced within four years after the cause of action accrued.") Claims under Cal. Civ. Code § 980(a)(2) are subject to a three-year limitations periods. *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, No. CV 14-3466-GW(JPRX), 2016 WL 3457179, at *1 (C.D. Cal. Apr. 20, 2016) (citing 17 U.S.C. § 507(b); Cal. Civ. Code § 338(a); *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 634 (S.D. Cal. 1993) (applying three-year statute per § 338(a) to "copyright claims based on Cal. Civ. Code § 980(a)(2)")).

Plaintiff asserts that the first instance of infringement occurred in 1991, yet he is entitled to relief for every infringing act since then because Defendant continues to sell recordings with Plaintiff's unlicensed Recording and each sale constitutes a new instance of infringement. (Opp'n to Mot ("Opp'n") 13, ECF No. 16.) However, an individual cannot bring copyright claims beyond the statute of limitations simply because instances of copyright infringement continue to occur within the statutory period. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). Acts that accrued within the three years preceding the filing of suit may be brought. *Id*. (holding that "in a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of suit.") Furthermore, under California law, the continuing violation doctrine does not apply to

toll the statute of limitations periods for claims of misappropriation, and violation of the UCL unless necessary for series of harms to accumulate before alleged wrongdoing became apparent and actionable. *Wolf v. Travolta*, 167 F. Supp. 3d 1077 (C.D. Cal. 2016). Here, Plaintiff has made no such allegation. Thus, Plaintiff is limited to bringing claims that accrued within the statute of limitations preceding the filing of suit.

Plaintiff asserts several grounds to extend the statute of limitations: (1) delayed discovery rule[4] and (2) doctrine of fraudulent concealment. (Opp'n 14–19.)

### 1. Delayed Discovery Rule

In the Ninth Circuit, the discovery rule applies and "permits damages occurring outside of the three-year window, so long as the copyright owner did not discover— and reasonably could not have discovered—the infringement before the commencement of the three-year limitation period." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The discovery rule does not require "absolute certainty" for a cause of action to accrue. *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1102 (C.D. Cal. 2016) (citing *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 807, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005)). Rather, "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Id*.

Though Plaintiff concedes the first instance of infringement occurred in 1991, Plaintiff asserts that he was unaware of the infringement because he does not listen to the genre of "rap" or "gangster rap" due to religious reasons. (Opp'n 13, 15.) Plaintiff further concedes that he became aware of the infringement when a disc jockey friend brought it to his attention in December 2013. (Opp'n 15.) Yet, Plaintiff

---

[4] In support of the application of the delayed discovery rule, Plaintiff cites *Evans v. Eckelman*, 216 Cal.App.3d 1609, 1618–1620 (Ct. App. 1990), which discusses delayed discovery as it pertains to third party claims in sexual abuse cases and was superseded by statute as stated in *Quarry v. Doe I*, 53 Cal. 4th 945 (Cal. 2012). Plaintiff's case law is misplaced.

filed his complaint on March 28, 2019. As five years have elapsed since the time Plaintiff allegedly became aware of his claim, even if applicable, the discovery delay would not save his claims outside of those accrued within the relevant statute of limitations. Thus, Plaintiff may bring an action for copyright infringement under the California statute for all acts that accrued between March 27, 2016 and March 28, 2019. Furthermore, he may bring a UCL claim and a misappropriation claim for all acts that accrued up to four and two years, respectively, before March 28, 2019.

### 2. Doctrine of Fraudulent Concealment

The doctrine of fraudulent concealment involves "[a] defendant's fraud in concealing a cause of action." *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1112 (S.D. Cal. 2017) (citing *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623 (Cal. 2007) (applying the doctrine to the UCL)). Where the doctrine applies, the statute of limitations is tolled until a plaintiff's reliance on the misrepresentations is reasonable. *Id*. Here, Plaintiff asserts that by omitting any credit to Plaintiff or the Recording on any label copy, Defendant fraudulently prevented Plaintiff from discovering the infringing use. As Plaintiff concedes that he became aware of the alleged infringements in December 2013, he could have only relied on Defendant's misrepresentations until then. Even if applicable, the doctrine would only toll the statute of limitations until December 2013. Consequently, as above, the doctrine would not save his claims outside of those accrued within the relevant statute of limitations as five years have elapsed since December 2013. Thus, Plaintiff is barred from bringing claims accrued beyond the statute of limitations.

### 3. Equitable Tolling

Plaintiff argues that the doctrine of equitable tolling should apply. Plaintiff must satisfy three essential elements: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against

the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim. *Aguilera v. Heiman*, 174 Cal.App.4th 590, 598 (Ct. App. 2009) (citing *Collier v. City of Pasadena*, 142 Cal.App.3d 918, 924 (Ct. App. 1983)).

Here, Plaintiff fails to meet the standard for equitable tolling as he lacks the third element. Under the third element, courts have found that plaintiffs lacked good faith when parties delayed filing their second claim. *Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App. 4th 1396, 1407 (Ct. App. 1992) (finding plaintiff lacked good faith when nine months had lapsed since he dismissed his federal action); *Ervin v. Los Angeles Cty.*, 848 F.2d 1018, 1020 (9th Cir. 1988) (finding plaintiff lacked good faith for delaying the second claim when plaintiff had possession of facts for over a year and a half prior to her filing the action). Here, Plaintiff waited a year and a half after he became aware of the infringement in December 2013 to file his first case, and Plaintiff waited another eleven months after the resolution of his first action to file his second one. (Reply to Opp'n 6, ECF No. 17.)

Furthermore, after District Court Judge Amy St. Eve in the Northern District of Illinois indicated to Plaintiff on January 4, 2017 that this case would be proper in the Central District of California, Plaintiff filed its second case in the Middle District of Tennessee. *Johnson v. Barrier*, No. 15-cv-03928, 2017 WL 36442 (N.D. Ill. Jan. 04, 2017). Plaintiff's disregard of Judge St. Eve's order demonstrates that Plaintiff intended to forum shop and circumvent the proper venue. Thus, the Court finds that Plaintiff lacks good faith and therefore, the doctrine of equitable tolling does not apply.

Accordingly, the Court **GRANTS** Defendant's Motion as to all claims accrued outside the relevant statute of limitations.

**B.**    **Failure to State a Claim**

The Ninth Circuit has long held that courts can determine whether a party infringed a protected work on a motion to dismiss. *Steward v. West*, No. CV1302449BROJCX, 2014 WL 12591933, at *7 (C.D. Cal. Aug. 14, 2014) (citing

*Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945)). "[W]hen the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1130 (C.D. Cal. 2007) (citing *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945)). To establish copyright infringement, Plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements that are original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying may be established by showing that the works in question are "substantially similar in their protected elements" and that the infringing party had access to the copyrighted work. *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th Cir. 2002).

Defendant does not dispute that Plaintiff is the owner of a valid copyright or that Defendant sampled the Recording. Instead, Defendant asserts that Plaintiff's copyright claim should be dismissed because (1) no reasonable jury could find that the works are substantially similar and any use by the Defendant was de minimis, and (2) the fair use doctrine bars Plaintiff's claim.

**1. De Minimis Use**

Plaintiff contends that California's statute does not provide for de minimis use. (Opp'n 12.) However, the test to determine whether there has been unlawful copying of protectible material is whether the two works, when compared, show such pronounced similarities of substantial portions of details, sequence of events, and manner of expression and treatment, as to warrant inference of copying. *Barsha v. Metro-Goldwyn-Mayer*, 32 Cal.App.2d 556, 561 (Ct. App. 1939) (discussing copyright common law). The Court infers that where the use of a party's copyright protected art is de minimis, the use does not have "pronounced similarities of substantial portions."

Courts have found de minimis use of music excerpts where several seconds were used from a piece that lasted several minutes long. *See e.g. Steward v. West*, No.

CV1302449BROJCX, 2014 WL 12591933, at *9 (C.D. Cal. Aug. 14, 2014) (finding fair use where the sampled portions lasted only about a half-second in time and the recording of plaintiffs' song is over seven minutes in length); *VMG Salsoul, LLC v. Ciccone*, No. CV 12–05967 BRO (Cwx), 2013 WL 8600435, at *11 (C.D. Cal. Nov. 18, 2013) (finding a quarter-second sample not quantitatively significant to a seven-minute recording); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 605 (S.D.N.Y. 2013) (finding a three-second drum sequence not quantitatively significant to a six-minute song).

However, even where the sheer quantity of time used was minimal, courts have considered the characteristics of the voice and sounds in determining if the use was de minimis. *See e.g. Pryor v. Warner/Chappell Music, Inc.*, No. CV 13-04344 RSWL, 2014 WL 2812309, at *7 (C.D. Cal. June 20, 2014) (finding that even though the sampled piece was half of a second in a six-and-a-half-minute recording, the signature voice dissuaded the Court from finding de minimis use on a motion to dismiss).

The Court finds that, at this stage, Plaintiff has sufficiently alleged that the copying can be substantial enough to constitute infringement. Although Defendant only allegedly sampled "3.094 second fragment" of the bridge of the Recording, which is about two-and-a-half minutes long, Plaintiff alleged that Defendant sampled a segment containing Plaintiff's distinctive vocal "Ohh" followed by a fast-paced drum roll, instrumental guitar, high note on a saxophone, and Plaintiff singing "Yeah." (Mot. 5; Compl. ¶ 15.) Based on Plaintiff's allegations of Plaintiff's signature voice and unique composition, the Court concludes that a jury could find the two pieces substantially similar. Thus, the Court **DENIES** Defendant's Motion on this ground.

**2. Fair Use**

Plaintiff contends that California's statute does not provide for fair use. (Opp'n 9, 12.) In distinguishing between common law and California copyright law, the California Court of Appeal stated:

> The common law prohibits any kind of unauthorized interference with, or use of, an unpublished work on the ground of an exclusive property right, and the common-law right is perpetual, existing until lost or terminated by the voluntary act of the owner, . . . while a statutory copyright permits a "fair use" of the copyright publication, without deeming it an infringement. . . .

*Zachary v. W. Publ'g Co.*, 75 Cal. App. 3d 911, 919 (Ct. App. 1977). From this reasoning, the Court infers that under Cal. Civil Code §980 *et seq.* fair use of copyright protected music is permitted. *See also Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 971 (9th Cir. 2008) ("In California, the basic principles governing common law copyright have been codified in Civil Code section 980 *et seq.*" (internal quotation marks omitted)). In *Zachary*, the court found a party misused drawings in a public patent filing by reprinting them in its commercial publications. *Zachary*, 75 Cal. App. 3d at 912. Further, the court held the party was entitled to copy the drawings and descriptions of the kite, but was not to use or misappropriate them for its own benefit. *Id.* at 926.

Here, Plaintiff alleges that Defendant has "reproduced, manufactured, distributed, licensed, and/or sold master recordings embodying [the Recording] . . . in motion pictures, television programs, commercials, music videos and video games." (Compl. ¶ 20.) At this juncture, the Court does not find that Defendant's use of Plaintiff's clip for its commercial benefit was fair.[5] Thus, the Court **DENIES** Defendant's motion

---

[5] Defendant cites to *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985), which lists the four factors to consider in determining fair use as enumerated in the Federal Copyright Act, 17 U.S.C.A. § 107. (Mot. 18.) Since Plaintiff does not bring a claim under the federal statute, the Court does not apply the four-factor test, but considers the arguments under the California framework.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS, IN PART** and **DENIES, IN PART,** Defendant's Motion. Specifically, the Court **GRANTS** Defendant's Motion as to Plaintiff's claims barred by the Statute of Limitations and **DENIES** Defendant's Motion as to all other claims. Accordingly, all other claims will proceed.

**IT IS SO ORDERED.**

October 23, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**